247 So.2d 491 (1971)
Robert Burnett FUTCH, Jr., Interbay Construction Company, a Corporation, and Security Insurance Company of Hartford, a Corporation, Appellants,
v.
Taylor JOSEY et al., Appellees.
No. 70-242.
District Court of Appeal of Florida, Second District.
May 7, 1971.
*492 William T. Keen and Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for appellants.
John Blue, of Grimes, Grimes, Goebel, Parry & Blue, Bradenton, for appellees W.T. and Hattie Ann Rogers and American Fire and Casualty Co.
Warren M. Goodrich, of Goodrich, Hampton, Thompson, Boylston & Namack, Bradenton, for appellee Taylor Josey.
HOBSON, Acting Chief Judge.
Appellants appeal a final judgment entered against them and the appellees W.T. Rogers, Jr., Hattie Ann Hodge Rogers, and American Fire and Casualty Company in favor of the appellee, Taylor Josey. The appellees Rogers and American Fire were designated appellees under Florida Appellate Rule 3.11, subd. a, 32 F.S.A.
Appellee Josey filed a personal injury suit against appellants and appellees Rogers and American Fire. At the trial of the cause appellee American Fire, as the insurer of appellees Rogers, introduced the limits of its liability which was $10,000. At the plaintiff's request and over objection of the appellants, the trial court admitted into evidence the insurance limits of appellant Security which were applicable to the tractor-trailer owned by appellant Interbay and driven by appellant Futch. The limits of the liability under Security's policy were in the amount of $250,000.
Appellants have submitted four points on appeal, only one of which we deem to be meritorious. Appellants conclude, with which we agree, that the introduction into evidence of Security's policy limits was reversible error.
In Beta Eta House Corp., Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163, it was held:
"The purpose of Shingleton v. Bussey, supra [Fla., 223 So.2d 713], was to require the parties to `lay their cards on the table' in discovery proceedings, settlement negotiations, and pre-trial hearings. The existence or amount of insurance coverage has no bearing on the issues of liability and damages, and such evidence should not be considered by the jury."
Appellee Josey argues that in view of the fact appellant Security did not move for a severance under Rule 1.270(b), Rules of Civil Procedure, 30 F.S.A., the introduction of Security's policy limits was proper and that Security, being a party to the suit at trial could not exclude the limits of its liability under its insurance contract.
We cannot agree that inadmissible evidence, to which there has been a proper objection, can be made admissible by the failure of appellant Security to move for a severance.
In the recent case of Stecher v. Pomeroy, Fla.App. 1971, 244 So.2d 488, it was held:
"The existence or amount of insurance coverage has no bearing on the issues of liability and damages [in an action seeking damages proximately caused by an insured's alleged negligence] and such evidence should not be considered by the jury. Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, supra. How the trial court, in a negligence action of this type, can possibly prevent a mature and sophisticated jury from inferring the likely existence of liability insurance coverage, so long as the insurer is a party at trial, is beyond us. But to permit direct evidence on not only the existence of liability insurance coverage, but also the extent thereof, when neither matter is relevant to any issue then being tried, is clearly error.
"The existence or amount of insurance coverage is no more relevant to the issues of liability and damages in a personal injury action of this type than would be the non-existence of such insurance coverage, or evidence bearing on *493 the defendant's personal wealth or lack thereof."
We cannot conclude in the case sub judice that the error of admitting Security's policy limits into evidence is harmless error as was found to exist in Stecher, supra.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for a new trial.
MANN and McNULTY, JJ., concur.