254 So.2d 786 (1971)
Taylor JOSEY, Petitioner,
v.
Robert Burnett FUTCH, Jr., et al., Respondents.
No. 41208.
Supreme Court of Florida.
November 17, 1971.
Warren M. Goodrich, of Goodrich, Hampton, Thompson, Boylston & Namack, Bradenton, for petitioner.
William T. Keen, of Shackleford, Farrior, Stallings & Evans, Tampa, for respondents.
McCAIN, Justice.
By petition for writ of certiorari, we are asked to review a decision of the District Court of Appeal, Second District [Futch v. Josey, 247 So.2d 491 (Fla.App.2d, 1971)] which allegedly conflicts with this Court's opinion in Beta Eta House Corp. Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970).
We find that the case is controlled by our recent decision in Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971), Supreme Court opinion filed October 20, 1971. In Stecher, we held, inter alia, that although it was error to mention insurance policy limits to the jury, the error was harmless because the record revealed that the jury was uninfluenced by the mention of insurance.
In the instant case, the District Court concluded that the mention of policy limits was harmful error which required reversal. However, that decision was rendered prior to our pronouncement in Stecher and it is unclear from a reading of the opinion whether it comports or conflicts with Stecher.
*787 Prior to Stecher one school of judicial thought held that the mention of policy limits to a jury constituted harmful error as a matter of law. A second school of thought, represented best by Stecher itself, adhered to the position that the question of harmful error in relation to the mention of insurance policy limits was a factual question to be determined by a review of the record in each case. In this Court's Stecher opinion we adopted the second of these approaches as being the most appropriate in light of Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), and Beta Eta House Corporation, Inc. v. Gregory, supra.
It is necessary, therefore, to ascertain which approach was taken by the District Court in the instant case in order to determine whether conflict with Stecher exists. Since the opinion is unclear in this regard, we deem it appropriate to temporarily relinquish jurisdiction of the cause to the District Court for clarification in light of Stecher.
If the District Court did intend to adhere to the "review of the record" approach announced in Stecher, we hope that on remand the District Court will consent to clarify where and in what way the record shows that harmful error was indeed committed. This would be helpful not only to this Court in reaching its jurisdictional determination in this case but additionally would serve, along with Stecher, as the basis for a developing body of law on harmless error as it relates to the mention of policy limits.
For this latter purpose, we note that the size of the jury verdict in relation to the policy limits is only one of several factors to be considered in determining whether the jury was influenced by the mention of policy limits. Additional factors which may be appropriate in a given case are the nature and extent of the plaintiff's injuries, the amount of damages originally sought by plaintiff, and any exchanges with jurors which may on their face reveal influence. These considerations are not intended to be exhaustive or to exclude other relevant factors, and indeed, are only mentioned here to emphasize that the essential consideration is evidence of influence on the jury, and that the amount of the verdict is only one method of ascertaining this.
Accordingly, because this Court is in doubt as to the rationale of the District Court in rendering its decision, jurisdiction of the cause is temporarily relinquished to the District Court of Appeal, Second District, for clarification in light of Stecher v. Pomeroy, supra. Upon clarification the District Court is directed to return the record in the cause here for further proceedings.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and DEKLE, JJ., concur.