PER CURIAM.
This case has been remanded back to us, on certiorari granted by the Florida Supreme Court,[1] for reconsideration of our prior decision[2] in the light of that court’s subsequent opinion in Stecher v. Pomeroy.[3]
In reliance on our previous holding in Futch v. Josey,[4] we had originally reversed the verdict for the plaintiff herein because the limits of the defendant’s liability insurance coverage were disclosed to the jury. Subsequent to the remand hereof the Supreme Court remanded our decision in Futch, supra,[5] and elaborated on the “essential consideration” of Stecher, supra.
We have considered the record in the light of the criteria set forth in Futch, as *464 they concern themselves with the prejudicial effect of disclosure of policy limits and with the question of whether such disclosure constituted an “influence on the jury,” and conclude that we cannot, as a matter of law, say that disclosure of the policy limits in this case influenced the jury or resulted in an “insurance verdict.”
Accordingly, the judgment appealed from is affirmed.
LILES, A. C. J., and HOBSON and Mc-NULTY, JJ., concur.

. Guest v. Millitello (Fla.1971), 254 So.2d 195.

. (Fla.App.1971), 248 So.2d 662.

. (Fla.1971), 253 So.2d 421.

. (Fla.App.1971), 247 So.2d 491.

. (Fla.1971), 254 So.2d 786.