HOBSON, Acting Chief Judge.
This case has been remanded back to us on certiorari granted by the Florida Supreme Court[1] for reconsideration and clarification of our prior decision[2] in light of that court’s subsequent opinion in Stecher v. Pomeroy.[3]
In Stecher our Supreme Court held that the introduction into evidence of the policy limits of insurance coverage was not necessarily harmful error as a matter of law but was a factual question to be determined by a review of the record in each case. In our prior decision we stated that in this case it was harmful error but did not elaborate on the facts in the record which made such disclosure harmful. On remand our Supreme Court requested us to clarify where and in what way the record shows that harmful error was committed.
In the instant case there were two insurance carriers involved as defendants which *241 insured two separate vehicles involved in the accident, the drivers of which were named as defendants and charged with negligence. The owners of the vehicles were also named as defendants.
One vehicle insured by American Fire and Casualty Company carried the minimum insurance of $10,000. The other vehicle insured by Security Insurance Company of Hartford carried a maximum liability of $250,000. Over the objection of Security, American was permitted to introduce its minimum limits of $10,000. The minimum policy of American was not introduced by the plaintiff Josey but by American itself and over the objection of Security.
The plaintiff successfully introduced Security’s limits of $250,000 over objection of Security. At first blush this seemed prejudicial to Security in that from the evidence adduced at trial the jury might well have believed that American’s insured driver was primarily at fault in causing the accident in which Josey was injured.
However, after a careful review of the voluminous record in the light of the criteria set forth in Stecher and the Supreme Court’s opinion in this case, we have reconsidered our prior holding and conclude that we cannot as a matter of law say that the disclosure of the policy limits influenced the jury or resulted in an insurance verdict. The plaintiff Josey was seriously injured and the verdict of $143,152.00 is a fair and just verdict. The jury found by its verdict that all of the defendants were chargeable for the total amount of the verdict and we cannot say that the jury assessed the amount of damages based on the $250,000 limit covered by Security’s policy.
In accordance with the directive of the Supreme Court, we are returning the record in this cause to it for further proceedings.
MANN and McNULTY, JJ., concur.

. Josey v. Futch, 254 So.2d 786 (Fla.1971).

. Futch v. Josey, 247 So.2d 491 (Fla.App.1971).

.253 So.2d 421 (Fla.1971).