302 So.2d 141 (1974)
Jerrold B. WILSON, Individually, and As Father of John B. Wilson, Deceased, and Jerrold B. Wilson, As Administrator of the Estate of John B. Wilson, Deceased, Appellants,
v.
NATIONAL INDEMNITY COMPANY, an Insurance Corporation, Appellee.
No. T-244.
District Court of Appeal of Florida, First District.
October 22, 1974.
Floyd G. Yeager, Jacksonville, for appellants.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee.
SPECTOR, Acting Chief Judge.
Appellant seeks reversal of a summary final judgment entered in favor of defendant-appellee.
The Wilson family was stationed with the United States Navy in Jacksonville when Mrs. Wilson bought a motorcycle to be used by appellant and her two sons. She also purchased insurance with Mr. Wilson as the named insured and her two sons as authorized drivers. At the time she purchased the insurance, Mrs. Wilson signed a waiver of uninsured motorist coverage. According to Mrs. Wilson's testimony, she rejected the uninsured motorist coverage upon the advice of the agent who sold her the insurance policy, because military families are entitled to free medical care.
On October 1, 1971, one of appellant's sons was killed as a result of a collision between the motorcycle and an automobile which was not covered by insurance. The driver of the uninsured automobile was subsequently charged with manslaughter.
Appellant contends, inter alia, that Mrs. Wilson did not knowingly waive uninsured motorist coverage and that the lower court therefore erred in granting summary judgment.
It appears from the record before us that a genuine issue of fact arose as to whether Mrs. Wilson understood the nature of the waiver she executed. It is fundamental that where a material issue of fact exists, the case should be decided by the trier of fact and not disposed of by summary proceedings.
The deposition of Mrs. Wilson indicates that she in fact thought she was waiving hospital and medical payments, because *142 military personnel were entitled to free medical care.
Uninsured motorist coverage is required by law and must be affirmatively rejected, Section 627.727, Florida Statutes. It is only logical then that such waiver knowingly be made.
For the foregoing reasons, the case is reversed and remanded for further proceedings not inconsistent herewith. In the event appellant ultimately prevails in the trial court, he will be entitled to attorney's fees, including appropriate fees for this appellate proceeding.
JOHNSON and BOYER, JJ., concur.