JOHNSON, Judge.
Appellants seek reversal of a final judgment, entered pursuant to jury verdict, awarding appellee $20,000.00 as compensatory damages as a result of appellant having brought forgery charges against appel-lee.
While an appellate court is always reluctant to substitute its judgment for that of a jury in regard to the amount of damages to be awarded, it is the Court’s duty to review the evidence and to reverse if it is found that the verdict and judgment are, as a matter of law, not supported by sufficient evidence or based upon evidence improperly submitted to the jury. It is our view that the verdict rendered in this cause is wholly unsupported by the evidence as disclosed in the record presented to this Court, and that the verdict was a result of the erroneous ruling of the trial court in permitting the appellee to introduce as evidence the policy limits of the policy insuring the appellant in the sum of $300,000.00.
It appears from the testimony that appel-lee’s actual out-of-pocket expenses as a result of the forgery charge instituted by appellant were approximately $130.00, such sum included his attorney’s fee, transportation costs and loss of two days’ pay. When this amount is contrasted with the amount of the final judgment entered pursuant to the jury verdict of $20,000.00, we see it multiplied by in excess of 150. The only evidence in support of such a verdict included testimony that appellee suffered some ridicule from his co-workers and friends, he felt badly about his arrest, he had some difficulty securing a job and that the arrest could be a deterrent to appellee in obtaining employment or advancing in a job which required the filling out of an application form which inquired as to whether the applicant had ever been arrested for or charged with a criminal offense. On the othei hand, there was testimony that appellee had an eighth grade education; that most of his previous employment had been in the construction field; that he had been steadily employed since the incident in question and that he was currently making $4.30 an hour in his construction job, whereas he was only making $2.25 an hour when the arrest for forgery occurred. Although he did not obtain every job for which he applied, appellee had no knowledge as to whether or not he had been turned down for any job as a result of the incident. Also, there was testimony to the effect that appellee could make more money in construction jobs than he could in certain elevated, stable positions for which a detailed application might be required. Also, it should be pointed out that appellee pleaded not guilty to the charge of forgery and the charge was subsequently dismissed by appellant.
 In consideration of the above, it is our conclusion that the award of $20,000.00 to appellee is wholly unsupported by the evidence and is clearly excessive. The only explanation for this grossly excessive verdict is the erroneous admittance into evidence of the $300,000.00 limits contained in appellant’s insurance policy. The trial judge was of the view that the jury could properly consider such policy and its amount due to the count in the complaint seeking punitive damages. He opined that such policy was an “asset” of the appellant and properly admissible. It is our feeling that this was clear error. Punitive damages are awarded to an injured party as punishment to a wrongdoer, not as punishment to his insurance carrier or as a reward to the injured party. Florida East Coast Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631 (1933).
*209 For the reasons hereinabove stated, we reverse with directions that the trial judge enter an appropriate remittitur, or if he finds it impossible to fix and determine a proper amount of remittitur, then we direct him to grant a new trial on the issues of damages.
Reversed.
DREW, E. HARRIS (Retired), Associate Judge, concurs.
SPECTOR, SAM, Associate Judge (Retired), dissents.