338 So.2d 37 (1976)
UNITED STATES FIDELITY AND GUARANTY CO., a Florida Corporation, Appellant,
v.
Ruth DARDEN and Melvin Darden, Appellees.
No. 75-1389.
District Court of Appeal of Florida, Third District.
August 17, 1976.
Rehearing Denied September 15, 1976.
*38 Horton, Perse & Ginsberg, Hawkesworth & Schmick, Miami, for appellant.
Sam Bloom, Miami, and David C. Arnold, Coral Gables, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant, United States Fidelity and Guaranty Company, was the defendant to a complaint for declaratory relief whereby the appellees, Ruth Darden and Melvin Darden, sought a declaration that a policy of insurance issued by the defendant included uninsured motorist coverage although the insurance policy itself did not so provide because Ruth Darden was, at the time of the taking of her application, misled into believing that uninsured motorist coverage was provided. The cause was tried before the court without a jury and the trial court made the following finding of fact:
* * * * * *
"1. That the Plaintiff, RUTH DARDEN, did not knowingly and with knowledge waive uninsured motorist protection and, therefore, said protection was in full force and effect on the date of the accident, February 8, 1974, ..."
* * * * * *
On this appeal, appellant urges that the trial court erred in finding that the plaintiff "did not knowingly and with knowledge waive uninsured motorist protection."
The District Court of Appeal, First District, held in Wilson v. National Indemnity Company, Fla.App. 1974, 302 So.2d 141, that because Fla. Stat. § 627.727 requires uninsured motorist coverage unless affirmatively rejected, it is only logical to require that the waiver be knowingly made.
The facts testified to at the trial are briefly as follows: The plaintiff first applied for insurance with the Cole Insurance Agency in 1967 and was placed with the Morrison Insurance Company. The application for this particular policy reflected a rejection by the plaintiff of uninsured motorist coverage. This policy was terminated in 1967 and no insurance by the plaintiff was reflected until 1971. On April 7, 1971, plaintiff returned to Cole Insurance Agency to obtain insurance. This time she was placed with the defendant, United States Fidelity and Guaranty Company. The application for insurance signed by the plaintiff on that date reflected a rejection of uninsured motorist coverage. Plaintiff testified that when she applied for the insurance, she requested "full coverage." She further testified that the person who waited on her did not explain to her what uninsured motorist protection was. The record does not reflect that the plaintiff requested an explanation. The plaintiff was not charged for uninsured motorist coverage and, therefore, did not pay for that coverage. The person who waited on the plaintiff was identified as a Mrs. Cole, who testified that when Mrs. Darden came to apply for insurance, she sat across the table from Mrs. Darden, asked her name and address and how many traffic tickets she had received. Mrs. Cole admitted that Mrs. Darden did not inquire about uninsured motorist protection. After Mrs. Cole had completed the application, she marked an "X" where Mrs. Darden was to sign and Mrs. Darden signed the application without reading it.
The simple question presented on an appeal, which seeks reversal of a finding of fact made by a trial judge after a non-jury trial is whether there is sufficient evidence in the record to support the finding of the trial judge. See Travelers Insurance Company v. Odoms, Fla.App. 1975, 306 So.2d 207. It is not important that the appellate court might have made a different finding of fact. If the evidence supports the finding *39 of the trial judge, it will be sustained upon appeal even though conflicting and contradictory evidence may be convincing to the appellate court. See Shaw v. Shaw, Fla. 1976, 334 So.2d 13 (1976), and cases cited therein.
Our review of this record convinces us that there is sufficient evidence to support the finding of the trial judge. Therefore, the judgment will be affirmed.
The appellees have filed cross-assignments of error urging that they are entitled to a judgment as a matter of law because the application was ambiguous or misleading. Having reached the conclusion that the judgment must be affirmed, we do not consider the cross-assignments of error.
Affirmed.
HENDRY, J., dissents.