367 So.2d 677 (1979)
Wolfie COHEN, Appellant,
v.
AMERICAN HOME ASSURANCE CO., and Travelers Insurance Company, Appellees.
Nos. 78-97, 79-92.
District Court of Appeal of Florida, Third District.
February 6, 1979.
Rehearing Denied March 9, 1979.
*678 Horton, Perse & Ginsberg and Edward A. Perse, Samuel M. Spatzer, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, plaintiff below, seeks review of an adverse final order dismissing his complaint for declaratory judgment against his appellee insurer, one of several defendants below. We reverse.
Appellant's complaint for declaratory judgment contained the following pertinent allegations:
"Comes now the plaintiff, WOLFIE COHEN (`COHEN' hereafter), by and through his undersigned counsel, acting under the aegis of the Florida declaratory judgment act, Chapter 86, Florida Statutes, and files this his complaint for declaratory judgment against defendants, TRAVELERS INSURANCE COMPANY (`TRAVELERS' hereafter), RESERVE INSURANCE COMPANY (`RESERVE' hereafter), and AMERICAN HOME ASSURANCE COMPANY (`AMERICAN HOME' hereafter), and as grounds therefor would allege  all allegations of fact being pertinent at all times hereto  that:
"1. Plaintiff/COHEN is sui juris and a citizen and resident of Dade County, Florida.
"2. Defendants, TRAVELERS, RESERVE and AMERICAN HOME are foreign corporations writing automobile liability insurance and other forms of insurance coverage in Florida, and licensed to and doing business in the State of Florida.
"3. Defendants, TRAVELERS, RESERVE and AMERICAN HOME, all deliver or issue for delivery in the State of Florida policies of automobile liability insurance covering liability arising out of ownership, maintenance or use of motor vehicles registered and/or principally garaged in the State of Florida.
"4. On information and belief, some time in late 1975, defendant/TRAVELERS issued for delivery and delivered to plaintiff/COHEN, as named insured, a policy of automobile liability insurance covering liability arising out of the ownership, maintenance or use of motor vehicles. The policy number of the TRAVELERS policy and the exact policy period are unknown to plaintiff/COHEN since he does not possess a copy of the face sheet/schedule page of the policy. However, said policy was in full force and effect at all times pertinent hereto. As discovery proceeds in this matter, plaintiff/COHEN will obtain the necessary information from the defendant/TRAVELERS to support the foregoing allegations and will amend his complaint accordingly.
"5. The defendant/TRAVELERS policy affords automobile liability and uninsured/underinsured motorist coverage to plaintiff/COHEN with policy limits applicable to each coverage of $15,000/30,000 per person/per occurrence. A copy of the policy itself is attached hereto as Exhibit A.
"6. In February 1976, defendant/RESERVE issued for delivery and/or delivered to plaintiff/COHEN, as named insured, its `automobile liability excess indemnity policy' No. 707 15 19 73. The policy period of said policy was March 1, 1976 to March 1, 1977. Such policy provided insurance coverage for excess automobile liability insurance  over and above the underlying limits provided for by the policy issued by defendant/TRAVELERS  to plaintiff/COHEN. In law and in fact the defendant/RESERVE'S policy covers `liability arises out of the ownership, maintenance or use of motor vehicles registered and/or principally garaged in the State of Florida.' The automobile liability excess insurance policy issued by RESERVE has liability limits of $85,000/270,000 per person/per occurrence. Said policy does not on its face afford any uninsured/underinsured motorist coverage to plaintiff/COHEN. A copy of the RESERVE policy is attached hereto as Exhibit B.
*679 "7. In October 1974, defendant/AMERICAN HOME issued for delivery and/or delivered to plaintiff/COHEN, as named insured, its `personal catastrophe excess third party liability policy' No. 258 53 85. The policy period of said policy was October 25, 1974, to October 24, 1977. Such policy provided coverage for excess general liability, including liability arising out of the ownership, maintenance or use of motor vehicles, incurred by the named insured, plaintiff/COHEN. The liability limits of said policy were $2,000,000 `single limit any one occurrence combined personal injury and/or property damage liability in excess of' the amount of underlying insurance available under the terms of the policies issued by TRAVELERS and RESERVE, to wit: a total of $100,000/300,000 per person/per occurrence. The AMERICAN HOME policy thus covered liability arising out of the ownership, maintenance or use of motor vehicles registered and/or principally garaged in the State of Florida. Said policy does not on its face afford uninsured/underinsured motorist coverage to plaintiff/COHEN. A copy of the AMERICAN HOME policy is attached hereto as Exhibit C.
"8. The Florida Uninsured Motorist Statute, Section 627.727, Florida Statutes, in pertinent part, provides:
* * * * * *
"`(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto in not less than the limits of liability insurance purchased by the named insured for bodily injury, [or such lower limits complying with the company's rating plan as may be selected by the named insured] under provisions filed with and approved by the Department for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom; provided, however, that the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage ... The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured ... under any automobile liability ... coverages; ...

* * * * * *
"`(2) For the purpose of this coverage, the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
* * * * * *
"`(b) has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage.'
"9. It is apparent that under the law of the State of Florida, and specifically the provisions of Section 627.727, supra, that defendant/RESERVE and defendant/AMERICAN HOME, as issuers of policies of insurance covering liability arising out of the ownership, maintenance, or use of motor vehicles, were obligated to either provide uninsured motorist coverage to the persons covered by their policies, including plaintiff/COHEN, with limits up to and including the liability limits, $85,000/270,000 and $2,000,000 respectively, or to obtain rejection of such coverage from their named insured, plaintiff/COHEN. Neither defendant/RESERVE nor defendant/AMERICAN HOME ever offered to or provided such coverage to plaintiff/COHEN, and neither of these defendants ever obtained a rejection of such coverage or a selection of lower uninsured/underinsured motorist limits from plaintiff/COHEN. If such coverage had been offered, plaintiff/COHEN would have purchased such insurance up to and including the highest available limit.
*680 "10. Plaintiff/COHEN has complied with all of the terms and conditions set forth in the subject policies of insurance which would constitute preconditions to his entitlement to uninsured/underinsured motorist coverage and to arbitrate questions properly submissible to arbitration pursuant to the provisions of the subject contracts of insurance, to the extent such contracts would be held to contain such provisions.
"11. On March 3, 1976, while operating a motor vehicle owned by him and insured under the terms of all of the subject policies of insurance, plaintiff/COHEN was involved in a motor vehicle accident with a vehicle owned and operated by third party tortfeasor, Sergio Dorta. As a result of such accident, plaintiff/COHEN sustained serious personal injuries. It is alleged that the negligence of third party tortfeasor, Sergio Dorta, was the sole, or at the very least, substantial legal cause of the subject accident.
"12. At the time of the subject accident, the third party tortfeasor, Sergio Dorta, was insured against liability under the terms and conditions of a policy of insurance issued to him, as named insured, by the Continental Casualty Insurance Company. Said insurance company has tendered its liability policy limits to plaintiff/COHEN as an offer of settlement of all claims against the third party tortfeasor/Sergio Dorta. The defendants herein have refused to give plaintiff/COHEN permission to accept that offer of settlement and execute the necessary releases.
"13. In due course, plaintiff/COHEN made claim for uninsured/underinsured motorist benefits against defendants, TRAVELERS, RESERVE and AMERICAN HOME, all in accordance with the terms and provisions of the subject policies of insurance, and request arbitration.
"14. Defendant/TRAVELERS has denied coverage to plaintiff/COHEN on grounds that no uninsured/underinsured motorist coverage is available here. A copy of TRAVELERS' denial is attached hereto as Exhibit D. TRAVELERS contends that it does not owe coverage to the third party tortfeasor who is thus not an `underinsured' motorist; or, in the alternative, if AMERICAN HOME and RESERVE do owe coverage, such coverage may not be `stacked' to make uninsured/underinsured motorist benefits available from all defendants. Plaintiff/COHEN contends, for the reasons which appear below, that RESERVE and AMERICAN HOME do owe uninsured/underinsured motorist coverage to him, and that the coverage available from all defendants may be `stacked' in this situation.
"15. Defendant/RESERVE denied coverage on grounds that the policy issued by it provides no uninsured/underinsured motorist coverage at all. A copy of RESERVE'S denial is attached hereto as Exhibit E. Plaintiff/COHEN contends that as a matter of law, on the facts as detailed above, RESERVE does owe coverage since it has issued an automobile liability policy and never obtained a rejection of such coverage or selection of lower limits.
"16. Defendant/AMERICAN HOME has denied coverage on grounds similar to those advanced by RESERVE. A copy of AMERICAN HOME'S denial is attached hereto as Exhibit F. Plaintiff/COHEN contends that AMERICAN HOME does owe coverage on these facts and under the law of the State of Florida since it too has issued a policy of automobile liability insurance without obtaining from its insured a rejection of uninsured/underinsured motorist coverage or a selection of lower limits.
"17. As a result of the denial of coverage by all three defendants, plaintiff/COHEN has retained the undersigned counsel to represent him in connection with this matter and has become obligated to said counsel for the payment of reasonable attorneys' fees for the prosecution of this action.
"WHEREFORE, Plaintiff/COHEN seeks this Court to enter a declaratory judgment decreeing the following:
"1. That the subject TRAVELERS insurance policy under the circumstances involved in this case and the law of the State *681 of Florida affords plaintiff/COHEN uninsured/underinsured motorist coverage with limits of $15,000/30,000 per person/per occurrence, which coverage is applicable to the incident sued upon;
"2. That the subject RESERVE policy of insurance under the circumstances involved in this case and the law of the State of Florida affords plaintiff/COHEN uninsured/underinsured motorist coverage with limits of $85,000/270,000 per person/per occurrence, which coverage is applicable to the incident sued upon;
"3. That the subject AMERICAN HOME policy of insurance under the circumstances involved in this case and the law of the State of Florida affords plaintiff/COHEN uninsured/underinsured motorist coverage with limits of $2,000,000 which coverage is applicable to the incident sued upon; ..."

* * * * * *
For the purposes of this appeal, all of the allegations within the complaint must be taken as true. See, e.g., Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla. 1973).
Rule 1.110, Florida Rules of Civil Procedure, pertains to the sufficiency of complaints generally. To comport generally with the requirements of this Rule, a complaint needs only to state facts sufficient to indicate that a cause of action exists and does not need to anticipate affirmative defenses. See, e.g., Pizzi v. Central Bank & Trust Co., 250 So.2d 895 (Fla. 1971); and Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973).
The purpose of a motion to dismiss is to determine whether a plaintiff has alleged a good cause of action and, for the purpose of passing on such a motion, the trial court must assume that all of the facts alleged in the complaint are true; also, the allegations contained therein must be construed in the light most favorable to a plaintiff. See, e.g., Odham v. Foremost Dairies, 128 So.2d 586 (Fla. 1961); and Simon v. Tampa Electric Co., 202 So.2d 209 (Fla. 2d DCA 1967). On appeal from an order dismissing a complaint for failure to state a cause of action or to allege facts entitling a plaintiff to relief, the burden of an appellate court is to determine whether the complaint alleges sufficient ultimate facts, which under any theory of law, would entitle a plaintiff to the relief sought. See, e.g., Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973).
With these general principles in mind, appellant contends that, in the instant case, the trial court erred in dismissing his complaint for a declaratory judgment against appellee American Home Assurance Co. on the grounds of no coverage.
Section 627.727, Florida Statutes (1977), the pertinent parts of which have been set forth above in the subject complaint, requires that any insurer issuing a policy of insurance affording automobile liability insurance to a Florida insured must provide uninsured-underinsured motorist coverage with limits equal to the liability limits purchased by the insured, unless the insurer obtains a rejection from the insured of such coverage or the selection of such coverage with lower limits. It is now established in Florida that the rejection of uninsured motorist coverage in the selection of lower limits must, because of statutory mandate and the public policy of Florida, be informedly and knowingly made. See, e.g., United Fidelity & Guaranty Co. v. Darden, 338 So.2d 37 (Fla. 3d DCA 1976); Protective National Insurance Company of Omaha v. McCall, 310 So.2d 324 (Fla. 3d DCA 1975). It is also established by the Florida Department of Insurance regulations that such a rejection or selection must be in writing.
In Aetna Casualty & Surety Co. v. Green, 327 So.2d 65 (Fla. 1st DCA 1976), the court held that an "excess indemnity policy" was one of "automobile liability insurance" within the terms and provisions of Section 627.727, Florida Statutes (1977), and that an "excess umbrella" insurer had to afford uninsured motorist coverage to its insured to the full extent of the policy limits. In its opinion, the court stressed the importance of the general plan for insurance, which was known to all involved parties, provided for the insured.
*682 In our opinion, application of the above delineated principles of law to the allegations in the subject complaint requires reversal of the order appealed. Appellant's complaint clearly discloses that he was sold a general insurance program containing basic automobile liability coverage on a primary basis with Travelers Insurance Co. with policy limits of $15,000, excess automobile liability insurance with Reserve Insurance Co. with policy limits of $85,000, and excess umbrella coverage affording, among other things, automobile liability insurance with policy limits of $2,000,000 by appellee American Home Assurance Co. Also, the American Home policy in this case, as did the policy in Green, clearly provided liability insurance on an "excess umbrella" basis to appellant. The policy is endorsed with a schedule of underlying insurance, including automobile liability insurance. Also, the applications for insurance filled out by appellant, copies of which are attached to the subject complaint, show that the parties intentions were that the American Home policy would provide automobile liability insurance on an "excess umbrella" basis. Thus, under the facts alleged in the subject complaint, because appellee American Home insured appellant for automobile liability coverage, pursuant to Section 627.727, it must also provide appellant with uninsured-underinsured motorist coverage, unless such coverage was rejected by him. The complaint alleges that such coverage was not rejected by appellant.
Accordingly, for the reasons set forth above, the final order of the trial court dismissing appellant's complaint is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.