RYDER, Judge.
Manuel Sabina, Maria Sabina and Neri Blanco appeal from the finding that Manuel Sabina rejected uninsured motorist coverage in his policy with General Accident. We reverse.
Appellants sued General Accident seeking a determination that the insurance policy included uninsured motorist coverage and seeking recovery thereunder for injuries resulting from an automobile accident. General Accident impleaded Hillsborough Insurance Services, the agent writing the policy, alleging that if Manuel Sabina’s rejection of uninsured motorist coverage was invalid, then the invalidity was a result of Hillsborough’s negligence in writing the policy.
The issue of coverage was tried separately, and the parties presented conflicting factual testimony. Both counsel for the appellants and appellees requested instructions to the jury that Florida Statutes require uninsured motorist coverage to be knowingly rejected by the insured if deleted from the policy. Nevertheless, the court instructed the jury that the deletion was valid if “uninsured motorist coverage is rejected by an insured named in the policy.” Counsel for appellants made timely objection to the omission of the word “knowingly.” The jury returned a special interrogatory that found Manuel Sabina had signed a rejection, and the court entered judgment for appellees.
Appellants argue that the court erred in failing to instruct the jury that a rejection must be knowingly made. We agree. A rejection of uninsured motorist coverage required by Section 627.727(1), Florida Statutes (1977), must be knowingly made. Wilson v. National Indemnity Company, 302 So.2d 141 (Fla. 1st DCA 1974). See United States Fidelity & Guaranty Company v, Darden, 338 So.2d 37 (Fla. 3d DCA 1976).
The judgment for appellees is REVERSED and the case REMANDED for a new trial. Pursuant to the agreement of the parties, we also REVERSE and REMAND the derivative third party action against Hillsborough Insurance Services for new trial.
HOBSON, Acting C. J., and DANAHY, J., concur.