OWEN, WILLIAM C., Jr., Associate Judge.
Appellant applied for automobile liability insurance through an insurance broker,[1] whose standard underwriting practice required that there be prepared for the applicant’s signature, prior to any discussion of coverages, an application form on which uninsured motorist coverage was shown as “rejected.” The practical effect of such a practice was to force the applicant to “reject the rejection” if uninsured motorist coverage was desired, a result which violated the spirit, if not the letter, of Section 627.727(1), Florida Statutes (1979). We do not condone such underwriting practice, and suggest that it is a matter which merits the attention of both the Department of Insurance and the Legislature.
Nonetheless, this case was tried by the court on the factual issue of whether appellant’s written rejection of uninsured motorist coverage was knowingly made.[2] The court determined that issue adversely to appellant’s contention. Such factual determination is supported in the record by competent substantial evidence. On well established principles governing appellate review, our clear duty is to affirm. See, e.g., Strawgate v. Higier, 339 So.2d 1112 (Fla.1976).
AFFIRMED.
LETTS, C.J., and GLICKSTEIN, J., concur.

. The insurance broker (not a party to this action) was not an agent of appellee. See Auto Owners Insurance Company v. Yates, 368 So.2d 634 (Fla. 2d DCA 1979), on that point.

. See Sabina v. General Accident Fire and Life Assurance Corporation, Ltd., 390 So.2d 1215 (Fla. 2d DCA 1980).