443 So.2d 441 (1984)
MELROSE NURSERY, INC., Julio Cesar Espinal and Florida Farm Bureau Casualty Insurance Company, Appellants,
v.
Phyllis HUNT, Appellee.
Nos. 83-56, 83-227.
District Court of Appeal of Florida, Third District.
January 10, 1984.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Kathleen M. Williams, Miami, for appellants.
Daniels & Hicks and Elizabeth K. Clarke, Anderson, Moss, Russo & Gievers and Louise McMurray, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
We reverse and remand for a new trial because it was error to exclude the court-appointed expert witness when, although *442 the witness was not in the defendants' pre-trial catalogue, the plaintiff had had possession of the expert's report for several months prior to the trial and would, therefore, not have been prejudiced by his testimony. See Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981); First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA 1983); Haines v. Haines, 417 So.2d 819 (Fla. 4th DCA 1982).
We note, without the necessity of having to decide the issue, that although the plaintiff's introduction into evidence of the $300,000 liability policy limit might have been harmless error in light of the jury verdict of $40,000, see Odoms v. Travelers Insurance Co., 339 So.2d 196 (Fla. 1976); Josey v. Futch, 254 So.2d 786 (Fla. 1971); Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971), it was error nonetheless, see Odoms; Josey; Stecher; Beta Eta House of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970); such a practice by trial counsel is disapproved, and should not be repeated.
Reversed and remanded for a new trial.