258 So.2d 277 (1972)
Charles WEATHERS, Appellant,
v.
MISSION INSURANCE COMPANY, Appellee.
No. 71-645.
District Court of Appeal of Florida, Third District.
February 15, 1972.
Rehearing Denied March 15, 1972.
Fromberg, Fromberg & Roth, Miami, for appellant.
Preddy, Haddad, Kutner & Hardy, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from a summary final judgment for the defendant insurance company in an action brought by the insured claiming uninsured motorist coverage. The appellant was the plaintiff in an action for declaratory relief. He alleged that the policy of insurance had been issued to him but that his wife had signed a "Rejection of Uninsured Motorists Coverage." Appellant was involved in an automobile collision with an uninsured motorist. The appellee denied his claim for coverage.
The facts are in the main undisputed. The plaintiff, Charles Weathers, was involved in an accident on June 7, 1970, at which time he was uninsured. He was employed *278 at the time as a truck driver and it was necessary for him to obtain insurance to preserve his driving license and to continue his employment. Mr. Weathers authorized his wife, Betty J. Weathers, to obtain an insurance policy for him. He instructed her to get "liability insurance." Mrs. Weathers went to the James A. Cole Insurance Agency in Miami, where she requested liability insurance sufficient to keep her husband from losing his license. Mrs. Weathers was asked to sign a rejection of uninsured motorist coverage. She read the rejection form; she said that she understood that she was waiving all other coverage but for liability, and signed same. It is as follows:
"Rejection of Uninsured Motorists (Family Protection) Coverage. In accordance with the provisions of Florida Insurance Code, Section 627.0851 Part X of Chapter 627 permits the Insured named in the policy to reject the uninsured motorists (Family Protection) coverage, the undersigned Insured (and each of them) does hereby reject such coverage, being the coverage provided for the protection of persons insured under this policy who would be legally entitled to recover damages from the owner or operator of an insured motor vehicle because of bodily injury, sickness or disease, including death resulting therefrom.
 /s/ Betty J. Weathers 
 Signature of Insured"
Based upon the application of Mrs. Weathers, the insurance policy was issued.
The policy contains the following definition:
"... `named insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household."
Mr. Weathers testified that he had no knowledge of his wife's rejection of the uninsured motorist coverage and that a copy of the rejection by his wife was not provided to him.
The appellant and the appellee each moved for a summary final judgment. The court granted the motion of the appellee, insurance company and this appeal followed.
Appellant urges: (1) His wife who was not the insured named in the policy could not reject uninsured motorist coverage because F.S.A. § 627.0851 requires that the rejection be by the named insured. (2) The summary judgment was improperly entered because there was a genuine issue of material fact as to whether appellant's wife intentionally and knowingly rejected uninsured motorist coverage.
The first point presented requires a consideration of the applicable statute. It is F.S.A. § 627.0851 and because of its importance to the decision it is set out in full.
"627.0851 Automobile liability insurance; uninsured vehicle coverage; insolvent insurer protection. 
(1) No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits described in § 324.021(7), under provisions filed with and approved by the department, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage; provided further that, unless the named insured requests such coverage in writing, the coverage need not be provided in or supplemental *279 to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."
Appellant urges that the statute provides for the protection of "persons insured" under the terms of the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. It is designed to afford the public generally the same protection that it would have if the uninsured motorist had carried the minimum limits as public liability coverage.[1]
The statute evolves from public policy considerations and must be broadly and liberally construed to accomplish this purpose.[2] Conversely, that portion of the statute permitting rejection of uninsured motorist coverage detracts from the public policy considerations and must therefore be narrowly and strictly construed.
The proviso states that the coverage "required under this section shall not be applicable where any insured named in the policy shall reject the coverage." It should be noted that the portion of the statute creating coverage uses the term "persons insured thereunder" and the portion allowing rejection uses the term "any insured named in the policy." The obvious reason for the difference in terminology is that the first portion is designed to create the maximum exposure and therefore extends coverage to any person who may be regarded as an "insured" under the terms of the policy whereas the proviso, detracting from this legislative intent, is specifically limited in scope and can be accomplished only by any "insured named in the policy."
Appellee argues that a principal is bound by the acts of his agent, within the scope of the agent's real or apparent authority, regardless of whether the principal had knowledge of the agent's act. Thus, a principal is bound by, and is liable upon, a contract executed in his behalf by his agent when acting within the scope of his actual or apparent authority.
We hold that F.S.A. § 627.0851 is clear and unambiguous. It makes uninsured motorist coverage mandatory unless specifically rejected. The statute need not be interpreted because it clearly states that the coverage can be rejected only by "any insured named in the policy." Mrs. Weathers was not named in the policy. Any coverage that she received under the policy was because she was incidentally covered as the wife of the person named in the policy. Thus, if there was no valid rejection in the instant case, the plaintiff is entitled to uninsured motorist coverage notwithstanding that he did not pay a premium for such coverage.
Having determined that the trial court incorrectly applied the applicable statute, we reverse the summary judgment and need not discuss appellant's second point. The judgment is reversed with directions to enter a judgment for the plaintiff.
Reversed.
CARROLL, Judge (concurring specially).
I concur in the opinion and judgment. The added question of whether a written rejection of the uninsured motorists coverage can be made by the "insured named in the policy" through the signing thereof by another person acting as his agent is not involved here. This is so because in signing the rejection of such coverage Mrs. Weathers did not do so in Mr. Weathers' name as his agent, or otherwise in a manner to indicate she was acting in an agency capacity.
*280 PEARSON, Judge (dissenting).
I would affirm the judgment. First, I think that the policy description of "named insured" included the wife. Second, it is a well settled general rule that knowledge of, or notice to an agent is imputed to the principal when it is received by the agent while acting within the course and scope of his authority and when it is in reference to matters over which his authority extends, even though such knowledge or notice is not actually communicated to the principal.
Where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business, is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority.
An examination of this record does not reveal the genuine issue of material fact claimed in appellant's second point.
I would affirm the judgment.
NOTES
[1] Chandler v. Government Employees Insurance Co., 342 F.2d 420 (5th Cir.1965).
[2] Kohly v. Royal Indemnity Company, Fla. App. 1966, 190 So.2d 819 at 822; and First National Ins. Co. of America v. Devine, Fla.App. 1968, 211 So.2d 587.