310 So.2d 324 (1975)
PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA, Appellant,
v.
Frances McCALL and Nathaniel McCall, Appellees.
No. 74-842.
District Court of Appeal of Florida, Third District.
March 18, 1975.
Rehearing Denied April 21, 1975.
Daniel V. Ligman, Coral Gables, Jeanne Heyward, Miami, for appellant.
Wolfson & Diamond and Elliott H. Lucas, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Protective National Insurance Company of Omaha, plaintiff in the trial court, seeks review of an order of the circuit court granting summary final judgment in favor of the defendants, Frances McCall and Nathaniel McCall, in an action for declaratory judgment.
Nathaniel McCall, plaintiff appellee, being in need of automobile liability insurance on his automobile, sought out the services of the James Cole Insurance Agency in Miami to obtain the necessary insurance. Mr. McCall phoned the agency and asked that they write a "no-fault" policy to cover his automobile. Thereafter Mr. McCall sent his wife, Frances McCall, to the insurance agency with a money deposit, and she signed the application. At the same time she applied for insurance on *325 her husband's behalf, Mrs. McCall also signed a waiver of uninsured motorist coverage.[1] Based upon the application as completed by Mrs. McCall, National Insurance Company of Omaha, plaintiff-appellant issued a policy of insurance to Nathaniel McCall.
Thereafter, and while the above mentioned policy was in effect, the vehicle owned by Nathaniel McCall was involved in an accident with an uninsured motorist, as the term is defined in the policy. Mrs. McCall claimed to have suffered physical injuries as a result thereof, and filed a demand for arbitration, as required by the policy of insurance, whereupon the appellant insurance company refused to arbitrate and filed its complaint for declaratory judgment in circuit court, predicated upon the waiver signed by Mrs. McCall. In answer, the McCalls affirmatively alleged that there was no "Rejection of Uninsured Motorists Coverage" by Nathaniel McCall in whose name the policy was issued and, that, therefore, his wife, Frances McCall, was entitled to uninsured motorist benefits under the policy. Both parties moved for summary judgment. After hearing argument, the judge granted the defendant-appellees' motion and ordered the appellant insurance company to arbitrate the claim of Frances and Nathaniel McCall. This appeal ensued.
The sole issue presented for our consideration is whether the trial court erred in holding that there was no valid waiver of uninsured motorist coverage by the defendant-appellees. The case sub judice appears to be governed by the precedent set in our decision in Weathers v. Mission Insurance Company, Fla.App. 1972, 258 So.2d 277. The similarities in Weathers and in the instant case are remarkable. Not only is the same insurance agency involved, the James A. Cole Insurance Agency of Miami, but also both cases came up on appeal from a motion for summary judgment; in both cases, the wife of the owner of a motor vehicle went to the James A. Cole Insurance Agency regarding automobile liability insurance; in both cases, the wife of the "insured named" signed a rejection of uninsured motorist coverage. Another significant similarity between the two cases is that in each case, the husband had no knowledge of the wife's signing a rejection of the uninsured motorist coverage and no means of obtaining such knowledge in that neither husband was provided with a copy of the insurance application. The distinction between the two cases is that Mrs. McCall testified that she did not understand the rejection of the uninsured motorist coverage, whereas Mrs. Weathers did understand the rejection. Weathers, supra, page 278. In addition, in the case sub judice, Mrs. McCall, the wife of the "insured named" was injured in an accident whereas in the Weathers case, the "insured named" himself, Mr. Weathers, was injured in the accident.
The appellant insurance company argues that Weathers should not govern the instant situation because Mrs. McCall, who herself signed the waiver, is estopped to deny its validity upon becoming injured in an accident with an uninsured motorist, as distinguished from the Weathers case, where there would be no estoppel since Mrs. Weathers signed the waiver but it was Mr. Weathers who sustained injuries. In addition, the appellant contends that the Weathers decision should not be followed because it is incorrect since a wife is a "named insured" or an "insured named" as *326 contemplated by § 627.727, Fla. Stat., which means that the wife could have effected a valid and binding waiver of uninsured motorist coverage.
We do not accept these contentions. In the interest of strong public policy, we follow the Weathers decision and for the reasons stated, the final summary judgment appealed is hereby affirmed.
Affirmed.
NOTES
[1] The waiver reads as follows:

"REJECTION OF UNINSURED MOTORIST (FAMILY PROTECTION) COVERAGE
In accordance with the provisions of Florida Insurance Code, Section 627.0851 Part X of Chapter 627, which permits the Insured named in the policy to reject the uninsured motorists (Family Protection) coverage, the undersigned insured (and each of them) does hereby reject such coverage, being the coverage provided for the protection of persons insured under this policy who would be legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury, sickness or disease, including death resulting therefrom."