ERVIN, Judge.
Brown appeals a judgment entered in favor of appellees following jury trial in a personal injury action absolving appellees from liability. Brown, while walking beside a road with the traffic flow, was struck in the head by a mirror which extended a few inches beyond the side of a 12-foot wide mobile home towed by a truck-tractor owned by appellee Ward. Brown argues the verdict was contrary to the manifest weight of the evidence, and that the trial court should have directed a verdict on the issues of negligence and allowed the case to go to the jury on the defense of comparative negligence and damages only.
The driver of the truck-tractor testified he saw Brown and a companion walking along the east edge of the pavement of the road for some distance, and at approximately 100 yards from them he sounded his horn; that both boys responded by turning and looking at him, but continued walking in the same direction. At the time he sounded his horn he was traveling at 35 — 10 miles per hour, but shortly afterward decreased his speed. He testified he could have stopped his vehicle in time to have avoided the accident from the distance of 100 yards. The evidence revealed that the roadway was a narrow two lane highway, and parallel to the east side of the roadway was a canal with no shoulder. The canal was separated from the road by a grassy strip varying in width from three to four feet. Moreover there was no sidewalk on that portion of the roadway which the boys were proceeding.
We conclude from our review of the record that there was no error in the trial court’s refusal to grant plaintiff’s motion for directed verdict on the issue of liability. Appellant relies upon White v. Hughes, 139 Fla. 54, 190 So. 446 (Fla.1939), where the Supreme Court reversed a judgment for a defendant in a personal injury action and concluded from the facts the jury’s verdict was contrary to the manifest weight of the evidence. There the defendant was driving an automobile on a beach in a northerly direction at a speed of 15-20 miles per hour. *599 When he was approximately 50 or' 75 feet south of the plaintiff, defendant observed a car on the beach ahead of him take a wide swing, causing him to turn his car to the right toward the ocean. When he saw the plaintiff he turned farther to the right and, thinking he was going to miss him, failed to apply his brakes, causing his vehicle to strike the plaintiff. The facts in White revealed there was no obstruction, in the vicinity which kept the defendant from seeing the plaintiff or from avoiding him. The facts here were different in that the options available to the driver were limited since the evidence showed that the operator was driving down a narrow congested road with opposing traffic on one side and a canal on the other. We find no error as to that point.
Appellant additionally urges that the verdict of the jury was contrary to the manifest weight of the evidence in its finding of no liability on the part of the insurer of appellant’s father, American Motorists Insurance Company, since it determined that appellant did not have the benefit of uninsured motorists coverage. On December 30, 1974, prior to the occurrence of the accident on May 5, 1975, appellant’s father asked his wife to go to an insurance agency and purchase insurance for their automobile. Upon filling out the application form, she testified the form was completely filled out with “x’s” in the places for her to sign. She stated that she was not given any explanation of the portion of the form relating to uninsured motorists coverage. She did not read the application before she signed it but assumed it was for the same coverage which she and her husband had previously been provided. She stated she told the person to whom she spoke at the agency that she wanted full coverage for everything, although she did not specifically state she wanted uninsured motorists coverage. A policy of insurance was issued for the period December 30, 1974 to December 30, 1975. The father reviewed it and testified, upon discovering there was no provision for such coverage, he began placing calls in March and early April, 1975, and was assured by the agency that coverage : would be provided. On May 27, 1975, 22 days following the accident, an amendment to the insurance policy issued providing uninsured motorists coverage.
Appellant relies upon Weathers v. Mission Insurance Company, 258 So.2d 277 (Fla. 3d DCA 1972); Wilson v. National Indemnity Company, 302 So.2d 141 (Fla. 1st DCA 1974), and Protective National Ins. Co. of Omaha v. McCall, 310 So.2d 324 (Fla. 3d DCA 1975) for the position that since uninsured motorists coverage is required by law and must be affirmatively rejected, Section 627.727(1), Florida Statutes (1977), any such waiver must be knowingly made. He additionally contends that the court’s instruction to the jury that the father ratified the actions of the mother was error since it had no foundation in the evidence.
There are several distinctions in the cases relied upon by appellant. First, Wilson v. National Indemnity Company, supra, reversed a summary final judgment entered in favor of the insurer. There the cause was reversed and remanded for further proceedings in the trial court. Here the evidence surrounding the insured’s rejection went to a jury. Additionally, the evidence relating to the endorsement, extending uninsured motorists coverage to the policy, reflected that an employee of the insurance agency testified that the ordinary business custom which was followed when a customer requested a modification in his coverage was for the employee to pull the file and to make the necessary entries on the form while the customer was still on the phone. Normally the change copies were mailed to the carrier and the customer on the same date the request was made, and the handwritten date on the form was customarily the date the insured had requested the information. The change form contained the date of May 27, 1975, or a date approximately three weeks after the accident. The jury heard the testimony of the parties and decided the witnesses’ credibility in favor of the insurer. We find the evidence supports the verdict. Accordingly the judgment is
AFFIRMED.
MILLS, Acting C. J., and BOOTH, J., concur.