448 So.2d 1122 (1984)
INDUSTRIAL FIRE AND CASUALTY COMPANY, Appellant,
v.
William ACQUESTA and Crystal Acquesta, Husband and Wife, et al., Appellees.
No. 82-2568.
District Court of Appeal of Florida, Fourth District.
April 4, 1984.
Rehearing Denied May 10, 1984.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Scott A. DiSalvo of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellant.
Angelo Marino, Jr., of Angelo Marino, Jr., P.A., Fort Lauderdale, for appellees.
DAUKSCH, Associate Judge.
This is an appeal from a summary judgment in a declaratory relief action.
*1123 The question on appeal involves an agent's authority to reject uninsured motorist insurance for the principal.
The facts are that Crystal Acquesta was requested by her husband to go to an insurance agency and buy some automobile insurance for him. She did and in the process participated in the filling out of an application. She signed the application at various places, one of which was to reject uninsured motorist coverage. The application was sent to Industrial and a policy was issued. Because the application was signed in the various places by Crystal, Industrial crossed out William's name as applicant on the application and put in Crystal's name instead. The policy was issued in Crystal's name. When the policy was received by the Acquestas no objection was made to the lack of uninsured motorist coverage. Some time later Crystal was involved in an accident in the car and the other driver was uninsured. She sought recovery under uninsured motorist coverage and the insurer pointed out that she had rejected the coverage and was thus not entitled to it.
The lawsuit ensued and the trial judge found that the policy was supposed to have been issued in William's name and that William had not given Crystal authority to reject uninsured motorist coverage and therefore the coverage should be provided. The order cites Weathers v. Mission Insurance Company, 258 So.2d 277 (Fla. 3d DCA 1972) and Protective National Insurance Company of Omaha v. McCall, 310 So.2d 324 (Fla. 3d DCA 1975) as authority. The trial judge was bound by those decisions and his judgment was thus a correct ruling in accordance with binding precedent. Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976). However, because we disagree with the ruling in Weathers and Protective we must reverse the judgment and certify this opinion to be in conflict with those.
In reaching our opinion we have applied traditional agency law but we have not overlooked the argument of Industrial that Crystal signed as "applicant" and we notice that the named insured in the policy was the person who rejected the coverage. That is to say, Crystal Acquestra's name appears as the named insured on the policy so to that extent this case is distinguishable from Weathers and Protective. But there is some reference by counsel and affidavits by appellees to the fact that it was intended that William be the named insured and that, possibly, after the policy was received Industrial was so advised. By accepting appellees' position that the policy should have William listed as the named insured we land on all fours in conflict with the cited opinions.
Apparent authority is the agency principal to be applied. If one vests another with apparent authority then the principal shall be bound by the acts of his agent which are consistent with the agency purposes. Ideal Foods, Inc. v. Action Leasing Corporation, 413 So.2d 416 (Fla. 5th DCA 1982); Styles v. Gordon Land Co., 44 So.2d 417 (Fla. 1950). Here, Crystal was vested by William with the authority to contract with the agent of Industrial for insurance for William and his car. In order to do this it was necessary for her to assist in filling out the application and sign it. She did. William correctly expects the insurance company to be bound by the contract in all respects which are of benefit to him and the law will enforce those expectations. The insurer correctly expects William to be bound in all respects which are of benefit to it. More precisely, both are entitled to all they bargained and paid for. William, by his agent Crystal, chose not to have uninsured motorist coverage and did not pay for it.
We cannot see any real difference between a wife acting as the agent for the insured, as here, or a broker acting as such agent as in Empire Fire & Marine Insurance Company v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981) or Auto-Owners Insurance Company v. Yates, 368 So.2d 634 (Fla. 2d DCA 1979). In both of these cases a broker signed a rejection of uninsured motorist and the appellate courts ruled that *1124 the actions of the broker bind his principal, the insured. As a final note, it is clear William could have requested uninsured motorist coverage after the policy arrived and his failure to do so might even be viewed as a ratification of his agent's actions.
The summary judgment is reversed and this cause remanded.
REVERSED.
GLICKSTEIN and WALDEN, JJ., concur.