GRIMES, Acting Chief Judge.
Patricia Tarlton obtained automobile bodily injury liability coverage from Dixie Insurance Company with limits of $100,000 per person and $300,000 per occurrence. For underwriting purposes, Dixie issued two policies. The first policy carried bodily injury limits of $10,000/$20,000 and uninsured motorist limits in the same amount. The second policy, being an excess policy, provided bodily injury limits of $90,000/ $280,000 but no uninsured motorist coverage. As part of the application for the first policy, Ms. Tarlton signed a form explaining that section 627.727(2), Florida Statutes (1979), required insurers to make available uninsured motorist coverage at limits up to $100,000/$300,000 and acknowledging that she had rejected the offer of such coverage. The application for the second policy signed on the same date simply stated that the applicant had rejected uninsured motorist coverage.
Subsequent to the issuance of the policies, Ms. Tarlton was injured in an automobile accident with an uninsured motorist. Upon Dixie’s insistence that her uninsured motorist coverage was limited to $10,-000/$20,000, she sued for declaratory judgment. The court entered summary judgment for Dixie with the observation that “plaintiff knowingly rejected an informed offer of uninsured motorist coverage to the appropriate limits of the two policies simultaneously offered by the defendant.” We affirm.
Ms. Tarlton’s reliance upon the omission of a statement reflecting an offer of higher uninsured motorist limits on the second policy application is misplaced. She cannot argue that she was unaware that higher coverage was available because the application for the first policy clearly included an offer of the requisite limits. See American Fire & Indemnity Co. v. Spaulding, 442 So.2d 206 (Fla.1983). Unlike the cases relied upon by Ms. Tarlton, there was an affirmative rejection of uninsured motorist insurance in the application for the second policy under which she now seeks coverage.
AFFIRMED.
SCHEB and RYDER, JJ., concur.