467 So.2d 284 (1985)
William ACQUESTA, et ux., Petitioners,
v.
INDUSTRIAL FIRE & CASUALTY CO., Respondent.
No. 65356.
Supreme Court of Florida.
March 7, 1985.
Rehearing Denied May 7, 1985.
Angelo Marino, Jr., Fort Lauderdale, for petitioners.
Marcia E. Levine of Fazio, Dawson & DiSalvo, Fort Lauderdale, for respondent.
Robert D. Peltz of Rossman & Baumberger, Miami, amicus curiae, for Academy of Florida Trial Lawyers.
OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal reported as Industrial Fire & Casualty Co. v. Acquesta, 448 So.2d 1122 (Fla. 4th DCA 1984), in which the district court held that the Acquestas were precluded from recovering uninsured motorist benefits because the wife, in applying for automobile insurance at the direction of her husband, rejected uninsured motorist coverage. The district court certified conflict with the Third District Court of Appeal's decisions in Protective National Insurance Co. v. McCall, *285 310 So.2d 324 (Fla. 3d DCA 1975), and Weathers v. Mission Insurance Co., 258 So.2d 277 (Fla. 3d DCA 1972). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we approve the decision of the Fourth District Court of Appeal in the instant case.
The facts of this case are as follows. William Acquesta sent his wife, Crystal, to purchase automobile insurance for his vehicle. She signed the application for insurance in several places, including one that rejected uninsured motorist coverage. Because the wife had signed the application, the respondent insurance company crossed out William Acquesta's name as applicant and replaced it with the wife's. A policy was subsequently issued in the wife's name. The wife asked the insurance company to put the policy in her husband's name, but did not object to the lack of uninsured motorist coverage. Before a change in name was accomplished, the wife was involved in an accident with an uninsured driver. The Acquestas sought to recover under uninsured motorist coverage, but were informed that their policy did not provide such coverage.
The Acquestas brought suit in circuit court seeking uninsured motorist coverage. Citing as authority the Weathers and McCall decisions, the court entered summary judgment for the Acquestas, holding that they were entitled to uninsured motorist coverage on the basis that the wife had rejected the uninsured motorist coverage without the consent or knowledge of her husband.
In reversing, the district court accepted the Acquestas' position that the husband should have been named as the insured, but determined that, under the law of agency, the husband had vested his wife with apparent authority to contract for the insurance and was bound by her rejection of uninsured motorist coverage. In so holding, the court stated:
William correctly expects the insurance company to be bound by the contract in all respects which are of benefit to him and the law will enforce those expectations. The insurer correctly expects William to be bound in all respects which are of benefit to it. More precisely, both are entitled to all they bargained and paid for. William, by his agent Crystal, chose not to have uninsured motorist coverage and did not pay for it.
448 So.2d at 1123. Citing Empire Fire & Marine Insurance Co. v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981), and Auto-Owners Insurance Co. v. Yates, 368 So.2d 634 (Fla. 2d DCA), cert. denied, 378 So.2d 351 (Fla. 1979), the district court also found no basis upon which to distinguish between a situation in which the wife acts as an agent of her insured husband and one in which a broker acts as an agent of the insured for purposes of rejecting uninsured motorist coverage.
The Acquestas continue to deny that authority was given to the wife to reject uninsured motorist coverage and assert that this Court should find the insured must personally reject uninsured motorist coverage and that we must liberally construe the statute to provide coverage whenever possible in accordance with the Third District Court's decisions in Weathers and McCall. The Acquestas are arguing, in part, that apparent agency authority properly applies to obtain coverage under an insurance policy but does not apply to reject the uninsured motorist coverage under the policy. We reject these contentions and find that, under the established principles of agency law, the record clearly reveals the wife was vested by her husband with apparent authority to obtain insurance on his vehicle and to reject uninsured motorist coverage. We agree with the Fourth District Court of Appeal and adopt the reasoning set forth in its opinion in the instant case.
Accordingly, we approve the decision of the Fourth District Court of Appeal in the instant case and disapprove the decisions of the Third District Court of Appeal in Weathers and McCall.
It is so ordered.
*286 BOYD, C.J., and ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.