CAMPBELL, Acting Chief Judge.
Appellant, Floyd E. Noaker, Jr., seeks review of the final summary judgment dismissing his claim for uninsured motorist benefits under policies of excess liability issued by appellees.
The primary issue on appeal is whether there was a valid rejection of uninsured motorist coverage in an amount equal to the excess liability coverage provided by appellees.
On November 21, 1981, appellant was permanently and severely injured in an automobile accident while he was a passenger in a vehicle operated by an uninsured motorist. Appellant is the son of the named insured who applied for insurance, Floyd Noaker, Sr. (hereinafter referred to as Noaker).
Noaker’s employer, a trucking company, required him to provide $1,000,000 in liability insurance coverage. Noaker’s deposition reveals that he employed a broker to obtain the insurance necessary for his employment.
The broker, for underwriting reasons, arranged for three policies to provide the required coverage in 1981. Noaker purchased these policies through his broker. The first $10,000 per person and $20,000 per accident in coverage was provided by American Universal Insurance Company (American), which is affiliated with Canadian Universal Insurance Company (Canadian). American was dismissed from this case upon payment of the claim. Appellee Canadian provided bodily injury liability coverage of $90,000 per person and $280,-000 per accident, in excess of the amount provided by American. A third unaffiliated company, appellee Great Southwest Fire Insurance Company (Great Southwest), provided a third layer of liability coverage up to $1,000,000 above the coverage provided by Canadian. Neither appellee provided uninsured motorist coverage.
The insurance application form stated: UNINSURED MOTORISTS COVERAGE-SIGNATURE REQUIRED. The applicant understands that the state requires Uninsured Motorist Coverage in amounts which at the option of the insured shall not be less than $10,000/20,-000 Bodily Injury and not greater than $100,000/300,000 Bodily Injury unless the insured shall reject in writing Uninsured Motorist Coverage.
Directly beneath that statement was the statement:
I hereby acknowledge that I have been given the option to select any limits of Uninsured Motorist Coverage up to $100,000/300,000 Bodily Injury liability and that I have exercised this option as shown in the schedule of policy limits.
Noaker’s signature appears below this acknowledgment.
Noaker, at the discretion of his broker, also signed, in blank, a separate form rejecting additional or maximum uninsured motorist coverage. The insurance broker sent a copy of the signed form to both appellees. Neither appellee wrote excess uninsured motorist coverage during the time frame in question.
Appellant filed suit for declaratory relief seeking adjudication of his entitlement to uninsured motorist coverage in the combined amount of $1,000,000 from appellees. Appellant alleged the rejection forms were invalid. Appellees filed separate motions for summary judgment, both relying on the rejection forms signed by Noaker. Great Southwest also argued that Noaker was bound by the representations of his insurance broker. The trial court granted summary judgment and this appeal followed.
Appellant argues that there was not a valid rejection of the higher uninsured motorist coverage because there was no offer informing Noaker of his right to uninsured motorist coverage in an amount equal to his bodily injury liability coverage as re *332 quired by section 627.727(1), Florida Statutes (1983).
We acknowledge that under American Fire and Indemnity Co. v. Spaulding, 442 So.2d 206 (Fla.1983), an effective rejection of additional uninsured motorist coverage generally requires that the insured be aware of the availability of higher coverage limits. See also Tarlton v. Dixie Insurance Co., 450 So.2d 300 (Fla. 2d DCA 1984).
However, an insurance broker, as agent for the insured, is authorized to reject the additional uninsured motorist coverage. Acquesta v. Industrial Fire and Casualty Co., 467 So.2d 284 (Fla.1985). The insured is bound by the representations of his broker. Acquesta.
Here, the insurance broker filled out an insurance application which represented that no additional uninsured motorist coverage would be requested. Noaker signed that application and a portion of the application which rejected higher uninsured motorist coverage. Noaker also signed the separate form which rejected maximum uninsured motorist coverage. The broker used the rejection form signed by Noaker to obtain the liability coverage required by Noaker’s employer.
Under these circumstances, there was a valid rejection of uninsured motorist coverage. Accordingly, we affirm the order of the trial court.
LEHAN and FRANK, JJ., concur.