509 So.2d 1139 (1987)
ST. PAUL MERCURY INSURANCE CO., Appellant, Cross-Appellee,
v.
Harry B. MacDONALD and Lois A. MacDonald and Peggy Mostowa, Personal Representative of the Estate of Dorothy M. Stoeker, Deceased, Appellees, Cross-Appellants.
No. 86-1997.
District Court of Appeal of Florida, Second District.
June 12, 1987.
Rehearing Denied July 21, 1987.
*1140 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellant, cross-appellee.
George O. Kluttz of George O. Kluttz, P.A., Fort Myers, for appellees, cross-appellants.
SCHEB, Acting Chief Judge.
St. Paul Mercury Insurance Company appeals a final judgment awarding the MacDonalds uninsured motorist (UM) benefits in the amount of the bodily injury (BI) liability limits in their automobile insurance policy. We reverse.
In 1970, the MacDonalds obtained an automobile insurance policy from St. Paul providing limits of $100,000/$300,000 of BI coverage and $10,000/$20,000 UM coverage. The policy was in force when section 627.727, Florida Statutes (1973), was amended, effective October 1, 1973, to provide that UM coverage could not be less than the limits of BI liability coverage in the same policy, unless the named insured elected otherwise. Mr. MacDonald was the named insured; however, his wife signed and returned a rejection form to St. Paul declining the opportunity to obtain UM coverage beyond $10,000/$20,000, the minimum required BI coverage.
In 1975, the legislature increased the minimum BI liability limits to $15,000/$30,000, effective July 1, 1975. § 324.021(7), Fla. Stat. (1975). St. Paul notified the MacDonalds that new limits of UM coverage would be added to their existing policy, and increased their semiannual premiums by $4. St. Paul did not furnish the MacDonalds a form to afford them another opportunity to reject higher limits of UM coverage.
In 1979, while their policy with St. Paul was still in effect, the MacDonalds were injured in an automobile accident involving an uninsured driver. They sued the estate of the uninsured driver to recover damages for their injuries. Later, they filed suit against St. Paul seeking a declaratory judgment that their automobile insurance policy provided them UM coverage equal to the limits of their BI liability coverage. The two suits were consolidated on the issue of damages, with the issue of St. Paul's liability reserved pending resolution of the suit against the tortfeasor's estate. Eventually, the MacDonalds recovered a judgment for $100,000 damages against the estate of the uninsured tortfeasor. Then, they proceeded with their claim against St. Paul.
The MacDonalds alleged that Mr. MacDonald, named insured under the St. Paul policy, never rejected increased limits of UM coverage, and therefore, they were entitled to UM coverage under Section 627.727 in an amount equal to their BI liability limits. The trial court disagreed with their contention that the rejection by Mrs. MacDonald did not bind her husband as named insured. Nevertheless, the court ruled that since St. Paul did not obtain a new rejection form after the 1975 amendment, the MacDonalds were entitled to UM coverage of $100,000/$300,000 under their policy. This appeal by St. Paul ensued.
At the outset, we note that the trial judge correctly ruled that Mrs. MacDonald *1141 effectively rejected UM coverage beyond the $10,000/$20,000 limits in 1973. Acquesta v. Industrial Fire and Casualty Co., 467 So.2d 284 (Fla. 1985). We think, however, that the court erred in concluding that the increased UM coverage was a material change in the MacDonalds' policy requiring a new rejection of the maximum limits of UM coverage available.
As noted, the MacDonalds originally rejected UM coverage beyond the $10,000/$20,000 limit. Section 627.727, Florida Statutes (1975), provided that an insurer was not required to obtain a new rejection of UM coverage when it issued a renewal policy. The issue we must decide is whether the policy issued to the MacDonalds by St. Paul after the change mandated by the 1975 legislature was simply a renewal or whether it was a new policy.
Here, the MacDonalds made no changes in their coverage, thus distinguishing this case from Hartford Accident and Indemnity v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979), on which they rely. In Sheffield the insured, after initial rejection of UM coverage, decided to obtain a policy with lower limits of liability coverage, thus effecting a material change in her policy. See United States Fidelity and Guaranty Co. v. Waln, 395 So.2d 1211 (Fla. 4th DCA 1981). In contrast, here no change was initiated by the insured. Rather, St. Paul, pursuant to written information distributed to insurance companies on May 9, 1975, by the Insurance Commissioner of the State of Florida, issued a renewal policy to the MacDonalds with the increased UM coverage benefits mandated by statute.
Logic, we think, dictates that after their initial rejection of UM limits beyond the $10,000/$20,000 coverage, no further rejection was required to decline coverage beyond the statutory requirements. Here, the only change in the MacDonalds' policy was due to a revision of the statutory law which simply mandated insurers to increase the minimum UM coverage where there had been no previous rejection of such coverage by the insured. St. Paul, having fully complied with its statutory duty, could not be expected to do more. See Marchesano v. Nationwide Property & Casualty Insurance Co., 506 So.2d 410 (Fla. 1987).
On cross appeal, the MacDonalds urge that in entering judgment against St. Paul, the trial court erred in awarding them prejudgment interest from the date of the verdict in their favor rather than from the date of their injuries. In view of our decision we do not reach that contention; however, for the benefit of the bench and bar, we note that we decided this point adversely to the MacDonalds' contention in Cooper v. Aetna Casualty & Surety Co., 485 So.2d 1367 (Fla. 2d DCA 1986).
Reversed and remanded with instructions to enter judgment for St. Paul.
CAMPBELL and SCHOONOVER, JJ., concur.