570 So.2d 365 (1990)
Karla RODRIGUEZ, Appellant,
v.
AMERICAN UNITED INSURANCE COMPANY, Appellee.
No. 90-865.
District Court of Appeal of Florida, Third District.
November 6, 1990.
Rehearing Denied December 19, 1990.
Gaebe, Murphy, Mullen and Antonelli, Coral Gables, and David Kleinberg, Miami, for appellant.
Goodhart, Rosner & Simon, Jane E. Holzberg, Miami, and Eric R. Hoecker, Fort Lauderdale, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
We reverse the summary final judgment entered in favor of the insurer based on the following analysis.
First, the appellant insured's deposition testimony demonstrates that at the *366 time she purchased her new automobile, she was directed to an insurance agent from whom she requested all available coverage. Appellant stated that the insurance agent who assisted her in signing the forms to obtain coverage precluded her from reading the forms she was signing and at the same time assured her that by signing the papers he presented to her she was getting full coverage. Appellant further stated that it was not until after she was involved in an accident with an uninsured motorist that she learned the agent had given her a form to sign rejecting uninsured motorist coverage. This testimony, if believed by a jury, is sufficient under the allegations to entitle the insured to relief. Vasquez v. Bankers Ins. Co., 502 So.2d 894 (Fla. 1987); White v. Allstate Ins. Co., 530 So.2d 967 (Fla. 1st DCA 1988), review denied, 539 So.2d 476 (Fla. 1989).
Second, we agree with Judge Altenbernd's analysis in Quirk v. Anthony, 563 So.2d 710, 715-16 (Fla. 2d DCA 1990), holding that for purposes of obtaining a proper rejection of uninsured motorist coverage, an "independent" agent is the agent of the insurer he or she is licensed to represent. The agent is not a broker for the insured under such circumstances. Thus, the trial court erred in holding that any action regarding the insurance application and uninsured motorist coverage rejection lies only against the insurance agent and not the insurer itself.
Finally, we note that even though the effective date of coverage was July 30, 1988, the insured did not receive the policy documents detailing the coverage she had in fact received until after October 31, 1988, the date of her accident. This late delivery presents a question as to whether the insured was improperly precluded from learning prior to the accident that her vehicle was not in fact fully covered as she intended.
Reversed and remanded for further proceedings consistent with this opinion.