578 So.2d 36 (1991)
William G. GLYNN, Jr., Appellant,
v.
NEW HAMPSHIRE INSURANCE COMPANY and Bonina Insurance, Inc., Jointly and Severally, Appellees.
No. 90-0341.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
J. Philip Landsman and Margaret Z. Villella of Platt, Haas and Landsman, P.A., Fort Lauderdale, for appellant.
William C. Merritt and H. Frances Reaves of Merritt & Sikes, P.A., Miami, for appellee  New Hampshire Ins. Co.
STONE, Judge.
We reverse a final judgment for the defendant-insurer in an action to determine the insured's rights to expanded uninsured motorist coverage. It is clear from findings and statements in the judgment that the company would not have prevailed but for the trial court's conclusion that the insurance agent must, as a matter of law, be considered the agent of the insured for all purposes.
Glynn was not advised of his uninsured motorist options and an employee of the agency apparently signed his name to the company forms. The agent was not simply a "broker," but was acting under a written agency agreement for the company and was apparently a "licensed" agent (although the specific proof of this fact does not appear in our record). The agent also represented three or four other companies. The agency's contract authorized it to bind the company until any subsequent rejection, and the agent used company supplied forms. The agent was required to account to the company every fifteen days.
In Quirk v. Anthony, 563 So.2d 710 (Fla. 2d DCA 1990), the court, in resolving a similar issue, noted the significant difference between acting as an insurance "broker" and an insurance "agent." The court in Quirk concluded that an agent licensed with the state to write for a company, even *37 though also a licensed agent for other companies, is the company's agent for the purpose of obtaining a rejection of uninsured motorist coverage. See also Rodriguez v. American United Ins. Co., 570 So.2d 365 (Fla. 3d DCA 1990).
While recognizing that the trial court did not have the benefit of these recent opinions, we conclude that the trial court erred in finding that an independent insurance agent may not be the agent of the insurance company for the purpose of obtaining a rejection of uninsured motorist coverage, while at the same time acting as the agent of the insured for other purposes. Therefore, the company may be bound by the acts or failure to act of the agent in this regard.
We have considered Gazie v. Illinois Employers Ins. of Wausau, 534 So.2d 1171 (Fla. 4th DCA 1988), rev. denied, 545 So.2d 1367 (Fla. 1989) and Empire Fire & Marine Ins. Co. v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981), and find nothing in Koven or the majority opinion in Gazie to be inconsistent with this opinion. Therefore, the final judgment is reversed and remanded for further proceedings.
WARNER and POLEN, JJ., concur.