583 So.2d 1098 (1991)
Richard GAZIE and Linda Gazie, Appellants,
v.
ILLINOIS EMPLOYERS INSURANCE OF WAUSAU, INC., and John Hancock Mutual Life Insurance Company, Appellees.
No. 90-0731.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
Rehearing Denied September 12, 1991.
*1099 Horton, Perse & Ginsberg and Jeffrey M. Liggio of Liggio & Luckman, West Palm Beach, for appellants.
Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellee/Illinois Employers Ins. of Wausau, Inc.
DOWNEY, Judge.
Appellants, Richard and Linda Gazie, (the Gazies), appeal from a final judgment in which the trial court found that the Gazies had rejected uninsured motorist (UM) coverage when they applied for insurance coverage on their automobile with appellee, Illinois Employers Insurance of Wausau, Inc., (Illinois Employers).
Richard Gazie went to the office of Ronald S. Winski in Miami, Florida, seeking automobile liability insurance. Winski informed him that three recent accidents on his driving record required that he be treated as an assigned risk through the Florida Joint Underwriting Association. Thus, in due course, the Gazies' application for $100,000/$300,000 liability coverage was assigned to State Farm Mutual Automobile Insurance Company for the first $10,000 worth of coverage and the remaining coverage was assigned to Illinois Employers.
During the policy period, Linda Gazie was involved in an automobile accident and an uninsured motorist claim was made against State Farm and Illinois Employers. State Farm paid its policy limits, but Illinois Employers denied coverage, based upon the Gazies' application, which rejected uninsured motorist coverage. The Gazies furnished an affidavit in which they stated the signatures rejecting UM coverage were forgeries. When Illinois Employers continued to deny coverage, the Gazies commenced this suit.
This is the third appearance of this case in this court. In Gazie I[1] this court reversed a summary judgment in favor of Illinois Employers, because the court held there was a genuine issue of material fact remaining regarding the forgery and who was responsible therefor.
In Gazie II[2] this court affirmed an order granting a new trial based upon the trial court's holding that there was an inconsistency between the court's charge and the jury verdict. Accordingly, this court affirmed with one dissent and remanded for a new trial.
On remand, by stipulation the trial court was to determine where the forgery of the signatures of the Gazies took place, and if the Gazies had UM insurance coverage with Illinois Employers. After considering the record made earlier, the pleadings, and the argument of counsel, the trial court found: 1) although there was no direct proof as to who committed the forgery, there was proof that the forgery was committed during the time the matter was in the custody and control of Ronald Winski & Associates; and 2) that Winski was acting as a broker for the Gazies and, since the forgery took place while the matter was *1100 under Winski's control, the Gazies are bound by their agent's acts. The court reached this conclusion of fact as a result of the uncontradicted testimony of an expert that the model used to forge the signatures was the same on both the applications for State Farm and Illinois Employers. Furthermore, the only time the two applications were in the same place was when they were in Winski's office. Thus, it followed that the forgeries took place in the office of the Gazies' agent, Winski. They, therefore, are barred by the rejection of the UM coverage by their agent. E.g., Empire Fire and Marine Insurance Co. v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981); Noaker v. Canadian Universal Insurance Co., 468 So.2d 330 (Fla. 2d DCA 1985). The alternative would be to charge Illinois Employers with responsibility for the coverage when it played no part in the rejection thereof and was entitled to rely thereon. For an excellent explication of the relationship of broker and insurer and the responsibilities attendant thereupon, see: Quirk v. Anthony, 563 So.2d 710 (Fla. 2d DCA 1990).
To avoid confusion, we further wish to distinguish our recent decision in Glynn v. New Hampshire Insurance Company, 578 So.2d 36 (Fla. 4th DCA 1991). Glynn has been cited to us as supplemental authority by the appellants, but by its very language is distinguishable from the instant case. In Glynn, on which two of the members of this panel sat, we discussed the significance of Quirk v. Anthony, 563 So.2d 710 (Fla. 2d DCA 1990), as distinguishing between the status of an insurance "broker" and an insurance "agent." Without reiterating the factual distinctions and the legal significance of each status, suffice it to say that Winski, the broker in this case, was not in the same status as the insurance agent in the Glynn case. Because Winski did not have any authority to bind Illinois Employers Insurance of Wausau, Inc. or any other insurance company insofar as the Gazies' insurance was concerned, he cannot be said to be an agent of the appellee for purposes of obtaining a rejection of uninsured motorist coverage. For that reason we affirm the judgment in favor of the insurer.
In view of the foregoing, we affirm the judgment appealed from.
STONE and POLEN, JJ., concur.
NOTES
[1] Gazie v. Illinois Employers Insurance of Wassau, 466 So.2d 1132 (Fla. 4th DCA 1985).
[2] Gazie v. Illinois Employers Insurance of Wassau, 534 So.2d 1171 (Fla. 4th DCA 1988).