MAY, MELANIE G., Associate Judge.
Sequels and trilogies are commonplace today. However, this case appears to be aiming for a new title as we address it for the fourth time. The issue raised is whether the trial court erred in entering a summary judgment for John Hancock Life Insurance Company. The trial court found that this court’s decision in Gazie v. Illinois Employers Ins., 583 So.2d 1098, 1100, (Fla. 4th DCA 1991), revieiv denied, 598 So.2d 76 (Fla.1992), (GAZIE III) resolved factual issues as to whether John Hancock could be vicariously liable for the agent’s failure to procure uninsured motorist coverage for its insureds. Regrettably, the trial court erred and we must reverse.
In a nutshell, this case arose from an automobile accident. When the plaintiff sought uninsured motorist coverage, the excess carrier denied coverage based on the application which showed a rejection of such coverage. The rejection was subsequently determined to be a forgery. On remand from the second appeal, the trial court ruled that while it was impossible to determine who forged the rejection, it must have occurred while the application was in the agent’s possession. The trial court also determined that the agent was a broker for the insured for the purpose of procuring insurance coverage. These rulings were affirmed in GAZIE III.
On remand, the plaintiffs proceeded against John Hancock to determine its potential liability under theories of apparent agency and employer/employee liability for the actions of the agent. Using doctrines of collateral estoppel and law of the case, the trial court considered itself bound by the following language from this court’s decision in GAZIE III:
Because Winski [agent] did not have any authority to bind Illinois Employers Insurance of Wausau, Inc. or any other insurance company insofar as the Gazies’ insurance was concerned, he cannot be said to be an agent of the appellee for purposes of obtaining a rejection of uninsured motorist coverage. (Emphasis added).
In GAZIE III, this court dealt with the status of the insurance agent during the process of procuring insurance. (Was the agent acting on behalf of the insureds or the carrier?) It did not address whether a person employed by a well-known insurance company, who holds himself out as agent of that carrier, can render that carrier vicariously responsible for the agent’s actions, in an unrelated transaction. The allegations rely on theories of respondent superior and apparent authority. These issues differ from the insurance broker/agent issue addressed by this court in GAZIE III.[1]
Because these issues were not addressed in Gazie v. Illinois Employers Insurance of Wassail, 466 So.2d 1132 (Fla. 4th DCA 1985) (GAZIE I), Gazie v. Illinois Employers Insurance of Wausau, 534 So.2d 1171 (Fla. 4th DCA 1988), revieiv denied, 545 So.2d 1367 (Fla.1989), (GAZIE II), & GAZIE III, we must reluctantly reverse and remand. We encourage the trial court to resolve all outstanding issues upon remand rather than to continue a piecemeal approach to this litigation.
ANSTEAD and FARMER, JJ. concur.

. The trial court was aware of these separate pending issues because its judgment in Gazie III abated the suit against Hancock on these issues during the third appeal.