982 So.2d 1266 (2008)
MERCURY INSURANCE COMPANY OF FLORIDA, Appellant,
v.
Louis SHERWIN and Lisa Sherwin, Appellees.
No. 4D07-2942.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Rehearing Denied June 27, 2008.
*1267 Elizabeth K. Russo of Russo Appellate Firm, P.A., and Epstein, Becker & Green, P.C., Miami, for appellant.
Julie H. Littky-Rubin, of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for appellees.
WARNER, J.
Appellant, Mercury Insurance Company, challenges a summary final judgment determining that the rejection of stacked uninsured motorist coverage by the appellees Louis and Lisa Sherwin was invalid, thus providing stacked coverage for an accident in which Louis was injured. The court determined that Louis could not reject coverage where the named insured under the policy was his wife, Lisa. We reverse and hold that where the husband acted on behalf of his wife in securing the insurance policy, his rejection of stacked uninsured motorist coverage was a valid rejection of coverage.
After Louis Sherwin was severely injured in an automobile accident, the Sherwins sought underinsured motorist benefits from their insurer, Mercury. Because they listed four vehicles on their policy, they claimed stacked coverage of their UM limits. Mercury rejected their claim, because Louis had executed a rejection of stacked coverage. The Sherwins filed a declaratory judgment against Mercury to determine that the rejection of stacked coverage was void and that the underinsured motorist coverage under their insurance policy was stacked. Mercury denied the allegations and maintained that Louis was authorized to sign the rejection on behalf of Lisa.
The insurance policy contained a declarations page which provided coverage for four vehicles, designated Lisa as the named insured, and listed Louis and their two daughters as additional drivers. The policy explained that under stacked coverage, the uninsured motorist coverage is equal to the limit of liability, as shown on the declarations page, multiplied by the number of vehicles insured by the policy. Under non-stacked coverage, the limit of liability is the most the insurer will pay, *1268 regardless of the number of vehicles. The declarations page provided non-stacked uninsured motorist bodily injury coverage with limits of $250,000 per person and $500,000 per accident.
Louis had signed all parts of the application for insurance even though Lisa was made the named insured under the policy. A form rejecting stacked coverage was also signed by Louis. At the top of the form it stated: "You are electing not to purchase certain valuable insurance coverage which protects you and your family...." Below the signature line at the end of the form was printed "Your signature (named insured)." Louis signed on this line. All parts of the application and stacked coverage rejection were signed on the same date, and the policy became effective the next day. The Sherwins paid a premium which included non-stacked coverage. They did not pay the larger premium for stacked coverage.
Upon cross-motions for summary judgment, the trial court determined that the rejection of stacked coverage was invalid, because it was not signed by the named insured. The court thus rejected Mercury's claim that Louis signed as agent for Lisa. Mercury appeals the summary judgment.
Mercury contends that the trial court erroneously concluded that the husband's election of non-stacked uninsured motorist coverage was invalid. We agree that Louis, as the applicant and authorized agent, bound himself and his wife, as the named insured, to the coverage he elected. Acquesta v. Indus. Fire & Cas. Co., 467 So.2d 284 (Fla.1985).
In Acquesta, a wife purchased automobile insurance for her husband at his request. She signed the application for insurance in several places, including one that rejected uninsured motorist coverage. Because the wife signed the application, the insurance company crossed out the husband's name, replaced the husband's name with the wife's, and issued the policy in her name. The wife asked the insurance company to put the policy in her husband's name, but she was involved in an accident before the name change was accomplished. When she sought to recover under uninsured motorist coverage, the insurance company refused coverage.
The trial court entered summary judgment in favor of the husband and wife, holding that they were entitled to uninsured motorist coverage because the wife rejected the coverage without the husband's knowledge or consent. In reversing, our court determined that the husband had vested the wife with authority to contract for the insurance and was therefore bound by her rejection of uninsured motorist coverage. The court reasoned:
William correctly expects the insurance company to be bound by the contract in all respects which are of benefit to him and the law will enforce those expectations. The insurer correctly expects William to be bound in all respects which are of benefit to it. More precisely, both are entitled to all they bargained and paid for. William, by his agent Crystal, chose not to have uninsured motorist coverage and did not pay for it.
We cannot see any real difference between a wife acting as the agent for the insured, as here, or a broker acting as such agent....
Indus. Fire & Cas. Co. v. Acquesta, 448 So.2d 1122, 1123 (Fla. 4th DCA 1984). Additionally, we noted that the husband could have requested uninsured motorist coverage after the policy arrived. His failure to do so might be viewed as a ratification of his agent's actions.
*1269 The supreme court agreed with our view, adopted the reasoning set forth in our opinion, and concluded that "under the established principles of agency law, the record clearly reveals the wife was vested by her husband with apparent authority to obtain insurance on his vehicle and to reject uninsured motorist coverage." Acquesta v. Indus. Fire & Cas. Co., 467 So.2d at 285. In so holding, the court disapproved of Protective National Insurance Co. of Omaha v. McCall, 310 So.2d 324 (Fla. 3d DCA 1975), and Weathers v. Mission Insurance Co., 258 So.2d 277 (Fla. 3d DCA 1972), which held that where a wife who was not the named insured rejected uninsured motorist coverage, allegedly without the knowledge of her husband, the named insured who gave her authority to procure the policy for him, that rejection was invalid and the named insured was entitled to such coverage.
Acquesta controls this case. The Sherwins do not challenge Louis's authority to obtain insurance for the family, including the wife and all of their vehicles. As in Acquesta, Louis and the insurer each expect the other party to be bound by the contract in all respects which are of benefit to themselves. In other words, both parties are entitled to all they bargained for. Louis, acting as the wife's agent, chose not to have stacked uninsured motorist coverage and did not pay for it. Indeed, the Sherwins do not argue that they ever intended to obtain stacked coverage. The declarations page of the policy clearly shows that the coverage is non-stacked.
The case law is replete with cases holding that the signature of an insured's agent on an insurance application binds the insured to the coverage selected. In St. Paul Mercury Insurance Co. v. MacDonald, 509 So.2d 1139 (Fla. 2d DCA 1987), the Second District applied Acquesta to hold that a wife acted as an agent of the husband, the named insured, when she rejected higher uninsured motorist coverage. Similarly, in Auto-Owners Insurance Co. v. Yates, 368 So.2d 634 (Fla. 2d DCA 1979), the court found that the insured was bound by her broker's signature on an application under which the broker applied for the wrong insurance coverage. In Empire Fire & Marine Insurance Co. v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981), the insured's broker signed the insured's name on the rejection of uninsured motorist coverage. The insured denied giving the broker authorization to reject such coverage. This court held that even if the broker improperly placed the insured's signature on the application, the insured bore the risk of such error. See also Gazie v. Ill. Employers Ins. of Wausau, Inc., 583 So.2d 1098 (Fla. 4th DCA 1991) (actions of agent of insureds who allegedly forged insureds' signatures on form rejecting uninsured motorist coverage was binding on insureds. The alternative would be to charge the insurer with responsibility for the coverage when it played no part in the rejection thereof and was entitled to rely thereon).
In addition, subsection 627.727(9)(e), Florida Statutes (2003), allows the insurer to provide the insured with the less costly option of non-stacked uninsured motorist coverage in the following manner:
In connection with the offer authorized by this subsection, insurers shall inform the named insured, applicant, or lessee, on a form provided by the department, of the limitations imposed under this subsection and that such coverage is an alternative to coverage without such limitations. If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations. When the named insured, applicant, or lessee has *1270 initially accepted such limitations, such acceptance shall apply to any policy which renews, extends, changes, supersedes, or replaces an existing policy unless the named insured requests deletion of such limitations and pays the appropriate premium for such coverage.
(Emphasis added). Because an applicant can reject coverage, and Louis signed as the applicant, such rejection is binding on the Sherwins. There is nothing in either the application or the form which demands that only the insured sign the rejection. Clearly, Mercury accepted Louis's rejection as well as Louis's signature on the application, as it charged a premium based upon the rejection of stacked coverage.
Despite the authority of Acquesta, the Sherwins argue that the language of the policy and the form indicate that only the named insured may sign to reject stacked coverage. Although the signature line in the form states "Your name (named insured)," nothing in the application or the rejection form suggests that it may not be signed by an authorized agent of the named insured. Nor do the policy provisions cited by the Sherwins ever state that an authorized agent may not reject stacked coverage on behalf of the named insured. In fact, the application and rejection of coverage were signed before the policy came into existence.
Louis acted as an agent for Lisa, the named insured, in securing insurance coverage and in rejecting stacked uninsured motorist coverage. A principal may not accept the benefits of a transaction negotiated by the agent and disavow the obligations of that same transaction. C.Q. Farms, Inc. v. Cargill Inc., 363 So.2d 379 (Fla. 1st DCA 1978). "[O]ne who accepts the fruits of a transaction consummated by one who acts within the apparent scope of the owner's authority as agent, and who has ratified the acts of the apparent agent by consummating a contract, cannot be heard to deny the authority of the apparent agent in acting for the owner in that transaction." Harrell v. Branson, 344 So.2d 604, 607 (Fla. 1st DCA 1977) (citing Peace River Phosphate Mining Co. v. Thomas A. Green, Inc., 102 Fla. 370, 135 So. 828 (1931)). The principal cannot ratify the act of the agent in part, and reject it in part. Peace River, 135 So. at 830. "The purported principal must take the transaction in its entirety, with the burdens as well as the benefits." C.Q. Farms, 363 So.2d at 382 (quoting Restatement (Second) of Agency §§ 96, 97).
The rejection of uninsured motorist coverage was valid, and the court erred in granting the Sherwins' motion for summary judgment and denying Mercury's motion. The case is reversed for entry of a declaratory judgment in Mercury's favor.
Reversed.
POLEN and TAYLOR, JJ., concur.